IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS B. STREDIC, SR., ID # 789666,  )<br>Plaintiff,  )<br>vs.  )<br>  )<br>VETERAN'S ADMINISTRATION,  )<br>Defendant.  ) | No. 3:05-CV-1193-D |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff is an inmate in the Texas prison system. The Court received the instant civil action from plaintiff on June 9, 2005. On August 3, 2005, the Court construed a filed certificate of inmate trust account as a request to proceed *in forma pauperis* and found that the request should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of Aug. 3, 2005, at 1-2.) However, the Court deemed it appropriate to grant plaintiff thirty days to pay the full filing fee of $250.00 to the Clerk of the Court before recommending that *in forma pauperis* be denied. (*Id.*) The Court also admonished plaintiff that failure to pay the filing fee within the time allotted would result in a recommendation that *in forma pauperis* be denied and that this action be dismissed without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b). (*Id.*) Subsequent to that order, plaintiff filed six various documents in this action, including an *unsigned* motion of dismissal wherein he indicates that he wants the Court to dismiss this action.

## II. THREE STRIKES

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g).  That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision.  On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Stredic v. Yenning*, No. 5:01-CV-0234-C (N.D. Tex. Oct. 15, 2001) (order of dismissal); *Stredic v. Fernald*, No. 5:00-CV-0001-BG (N.D. Tex. Mar. 28, 2001) (order of dismissal); *Stredic v. Johnson*, No. G-94-63 (S.D. Tex. Mar. 20, 1995) (judgment and order accepting report and recommendation dated Feb. 22, 1995).  Due to these three "strikes" plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.  Due to these three "strikes" plaintiff may

2

not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.

Although plaintiff has made no allegations of imminent danger in this case, the Court notes that he recently filed a document that purports to show that he is subject to imminent "danger of physical death" in a different action also pending in this district. (*See* Correspondence, doc. 4 in Cause No. 3:05-CV-1494-B.) The document consists of numerous grievances filed with the prison in which plaintiff is housed. (*See id.*) While it is difficult to follow the various grievances, the most recent grievance is dated July 30, 2005, and concerns alleged retaliation and "unnecessary mistreatment" to injure a disabled individual. Plaintiff attaches other grievances from 2005 that concern missing books and confiscation of legal materials from his cell as well as grievances from 2003 that concern issues with his medication. Given the serious nature of allegations of imminent danger, the Court considers plaintiff's allegations in the context of this action in an abundance of caution despite plaintiff's failure to reassert such allegations herein. However, it is apparent that none of the grievances suffice to overcome the three-strikes provision. The grievances are either irrelevant to the issue of imminent danger, too remote in time to constitute imminent danger, or arose after petitioner filed the instant action in June 2005.

With respect to the timing of the imminent danger of serious physical injury for purposes of § 1915(g), the Fifth Circuit Court of Appeals has specifically held:

> The plain language of the statute [] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file* his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (emphasis added); *accord Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (following *Banos*). Under *Banos*, neither the July 2005 grievance nor the 2003 grievances provide a basis for finding plaintiff in imminent danger for purposes of proceeding with this action. Plaintiff makes no specific allegation of imminent danger at the time he commenced this action in early June 2005. That he may have experienced some sort of "retaliation" on July 30, 2005, or experienced problems related to his medication in 2003, does not satisfy the imminent-danger requirement of § 1915(g). Consequently, plaintiff must prepay the requisite filing fee before this case can proceed.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of August 3, 2005, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow an order of the Court.

### IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 15th day of November, 2005.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5